DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSHUA P. GILMORE
Nevada Bar No. 11576
TAYLER D. BINGHAM
Nevada Bar No. 15870
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
DKennedy@BaileyKennedy.com
JGilmore@BaileyKennedy.com
TBingham@BaileyKennedy.com

*Attorneys for Defendants*
NGAN VAN LE, INDIVIDUALLY AND AS
TRUSTEE FOR THE AD VITAM AUT
CULPAM TRUST; JML HOLDINGS, LLC;
AND JML SURGICAL CENTER, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOCELYNE R. UY, an individual; and
WESTLEY U. VILLANUEVA, an individual,

Plaintiffs,

vs.

SANDY VAN, an individual; NGAN VAN LE, an individual; SANDY VAN, LLC dba VAN LAW FIRM, a Nevada Domestic Limited Liability Company; VAN AND ASSOCIATES LAW FIRM, PLLC, a Nevada Professional Limited Liability Company; JML HOLDINGS, LLC, a Nevada Domestic Limited-Liability Company; NGAN VAN LE as Trustee for the AD VITAM AUT CULPAM TRUST; JML SURGICAL CENTER, LLC, a Nevada Domestic Limited-Liability Company; DOES I through X; and ROE CORPORATIONS 1 through X, inclusive,

Defendants.

Case No.  2:24-cv-00599-GMN-DJA

**STIPULATION AND ORDER TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STRIKE [ECF NOS. 12, 14, 15]**

Plaintiffs,[1] the Van Defendants,[2] and the Le Defendants[3] (collectively, the "Parties"), through their respective attorneys of record, hereby stipulate and agree as follows:

1. On December 7, 2023, Plaintiffs filed their Complaint in the Eighth Judicial District Court of Nevada.  On February 22, 2024, Plaintiffs amended their Complaint.

2. On March 27, 2024, the Van Defendants filed a Notice of Removal with the Eighth Judicial District Court of Nevada and a Petition for Removal with this Court.  [ECF No. 1.]

3. The Petition for Removal contains the operative First Amended Complaint (the "FAC").  [ECF No. 1-2 at 20-119.]

   a. In the FAC, Plaintiffs assert seven causes of action against the Van Defendants: (1) violation of 29 U.S.C. § 215(a)(3); (2) wrongful termination; (3) negligent hiring, negligent training, and supervision; (4) negligent retention; (5) fraudulent misrepresentation; (6) civil RICO; and (7) civil conspiracy.

   b. In the FAC, Plaintiffs assert three causes of action against the Le Defendants: (1) tortious interference with business relationship; (2) civil RICO; and (3) civil conspiracy.

4. On April 17, 2024, the Le Defendants filed their Motion to Dismiss the First Amended Complaint (the "LD Motion to Dismiss"), requesting that this Court dismiss all the claims asserted against them.  [ECF No. 12.]

   a. On May 1, 2024, Plaintiffs filed their Response to the LD Motion to Dismiss. [ECF No. 19.]

   b. On May 17, 2024, the Le Defendants filed their Reply in support of the LD Motion to Dismiss.  [ECF No. 27.]

5. On April 17, 2024, the Van Defendants filed their Motion to Dismiss and a Motion to Strike (together, the "VD Motion to Dismiss"), requesting that this Court dismiss all but one claim against them and strike various allegations.  [ECF Nos. 14, 15.]

---

[1] "Plaintiffs" refers to Jocelyne R. Uy and Westley U. Villanueva.

[2] The "Van Defendants" refers to Sandy Van; Sandy Van, LLC dba Van Law Firm; and Van and Associates Law Firm, PLLC.

[3] The "Le Defendants" refers to Ngan Van Le; JML Holdings, LLC; Ngan Van Le as Trustee for the Ad Vitam Aut Culpam Trust; and JML Surgical Center, LLC.

        a.     On May 1, 2024, Plaintiffs filed their Responses to the VD Motion to Dismiss. [ECF Nos. 17, 18.]

        b.     On May 8, 2024, the Van Defendants filed their Replies in support of the VD Motion to Dismiss. [ECF Nos. 23, 24.]

6.     On June 5, 2024, the Parties participated in a discovery planning and scheduling conference as set forth in Federal Rule of Civil Procedure 26(f).

        a.     During this discovery conference, the Parties discussed, among other items, the Parties' respective positions as to the LD Motion to Dismiss and VD Motion to Dismiss.

        b.     The Parties also discussed an interest to stay discovery while the LD Motion to Dismiss and VD Motion to Dismiss are pending.

        c.     The Parties also discussed the need (if any) for discovery to address issues in the LD Motion to Dismiss and VD Motion to Dismiss.

        d.     The Parties also discussed the judicial efficiency involved in waiting to conduct discovery until after this Court resolves the LD Motion to Dismiss and VD Motion to Dismiss.

        e.     The Parties also discussed the undue burden and expense involved in conducting discovery on the various causes of action asserted while the LD Motion to Dismiss and VD Motion to Dismiss are pending.

7.     Having discussed the Parties' respective positions and concerns at the Rule 26(f) conference regarding the propriety of staying discovery while the LD Motion to Dismiss and VD Motion to Dismiss are pending, the Parties agree that this case warrants staying discovery and provide this Court the below analysis in support of their joint request to stay discovery pending resolution of the LD Motion to Dismiss and VD Motion to Dismiss.

8.     "The district court has wide discretion in controlling discovery," including the power to stay discovery pending resolution of a dispositive motion. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

9.     Because the "purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable the defendants to challenge the legal sufficiency of a complaint without subjecting themselves to

1  discovery, . . . discovery at the pleading stage is only appropriate where factual issues are raised by a
2  Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a
3  protective order." *Id.*

4      10.    In determining whether discovery should be stayed pending resolution of a
5  dispositive motion, courts in the District of Nevada apply either the "preliminary peek" test or the
6  "pragmatic approach." *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-
7  MDC, 2024 WL 2302151, at *1-2 (D. Nev. May 21, 2024). Along with two other courts in the
8  District of Nevada, this Court follows the pragmatic approach because it "better aligns" with a
9  Magistrate Judge's duty to primarily resolve discovery matters rather than make dispositive
10  determinations. *Id.*

11      11.    Under the pragmatic approach, this Court applies a two-part test to determine whether
12  discovery should be stayed pending resolution of a dispositive motion:

13      a.    Can the dispositive motion be decided without additional discovery?; and
14      b.    Is there good cause to stay discovery? *Id.* at *2.

15      12.    As to the first inquiry, the Parties agree that no additional discovery is needed to
16  resolve the principal inquiry of these—and most—Rule 12(b)(6) motions: Whether Plaintiffs
17  plausibly stated a claim against any Defendant upon which relief can be granted.

18      a.    District courts are generally required to resolve a Rule 12(b)(6) motion on the
19      pleadings without resorting to materials outside the operative complaint. *See Tradebay*, 278
20      F.R.D. at 601 (recognizing the impropriety in granting discovery at the pleading stage); *Van*
21      *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (recognizing the
22      general rule that courts are limited to the complaint when considering a motion to dismiss).

23      b.    And, because courts generally treat as true a plaintiff's well-pled facts, both
24      the Le Defendants and Van Defendants have moved to dismiss the FAC on legal grounds
25      based on Plaintiffs' allegations. This Court consequently does not need to resolve disputed
26      questions of fact and thus, does not need to consider what potential facts could be adduced to
27      resolve any fact questions. This Court is resolving purely legal questions. *Ministerio Roca*
28      *Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (holding that

"discovery should be stayed while a dispositive motion is pending" if "the issues before the Court are purely questions of law that are potentially dispositive").

13. As to the second inquiry, courts assessing good cause in this context should consider the "goal of Rule 1 of the Federal Rules of Civil Procedure," which is to "secure the just, speedy, and inexpensive determination of every action." *Aristocrat Techs.*, 2024 WL 2302151, at *1. Thus, "good cause may be found where a movant seeks to stay discovery to prevent undue burden or expense." *Id.* at *3.

14. Utilizing those factors here, the Parties agree that good cause warrants staying discovery.

    a. First, this Court should find that the Parties' stipulation and agreement that discovery should be stayed is sufficient "good cause" because discovery is a tool for the parties to use to gather the evidence necessary to support their claims and defenses. If the Parties agree that discovery should not begin because of potentially dispositive motions for economic reasons, then this helps ensure the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1; *Matthews v. Pinchback*, No. 2:22-cv-1329 DJC KJN P, 2023 WL 5836540, at *1 (E.D. Cal. Sept. 8, 2023) (noting that it granted a stay of discovery twice because the parties stipulated to it).

    b. Second, conducting discovery while the two dispositive motions are pending would be unduly burdensome and expensive for the Parties.

        i. Plaintiffs have asserted RICO claims (among other claims) against seven different persons and entities. Proceeding with discovery in a RICO case imposes a significant burden on all the Parties because the discovery sought would be expensive. *Chan v. Brady*, No. 20-cv-06569-LHK, 2021 WL 3604694, at *4 (N.D. Cal. Aug. 13, 2021) (recognizing that RICO cases are complex, expensive, and time consuming), *aff'd*, No. 21-16464, 2023 WL 2707383 (9th Cir. Mar. 30, 2023).

        ii. The discovery sought to prove the particular RICO claims in this context is potentially invasive because Plaintiffs anticipate seeking discovery into the ongoing business practices of five different entities and text messages from various

| | |
|---|---|
| 1 | individuals. Given the substantial amount of discovery that may occur in this case, e- |
| 2 | discovery services will likely need to be utilized, which will significantly increase the |
| 3 | costs of the litigation for the Parties. *Aristocrat Techs.*, 2024 WL 2302151, at *3 |
| 4 | (considering the burden of increased costs when determining good cause). |

5  15. The Parties therefore stipulate and agree that discovery in this case should be stayed
6 pending resolution of the LD Motion to Dismiss and VD Motion to Dismiss.

7 / / /
8 / / /
9 / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /
BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

16. This stipulation is submitted in good faith and not to delay the proceedings.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 21st day of June, 2024.

BAILEY❖KENNEDY

By: */s/ Tayler D. Bingham*
  DENNIS L. KENNEDY
  JOSHUA P. GILMORE
  TAYLER D. BINGHAM

*Attorneys for Defendants*
NGAN VAN LE, INDIVIDUALLY AND AS TRUSTEE FOR THE AD VITAM AUT CULPAM TRUST; JML HOLDINGS, LLC; AND JML SURGICAL CENTER LLC

Dated this 21st day of June, 2024.

JEPSEN LAW, PLLC

By: */s/ Kendra Jepsen*
  KENDRA JEPSEN (Bar No. 14065)

*Attorneys for Plaintiffs*
JOCELYN R. UY AND WESTLEY U. VILLANUEVA

Dated this 21st day of June, 2024.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Nicholas F. Adams*
  SHERI M. THOME (Bar No. 8657)
  NICHOLAS F. ADAMS (Bar No. 14813)

*Attorneys for Defendants*
SANDY VAN; SANDY VAN, LLC DBA VAN LAW FIRM; AND VAN AND ASSOCIATES LAW FIRM, PLLC

Dated this 21st day of June, 2024.

BLACK & WADHAMS

By: */s/ Silvia U. Villanueva*
  SILVIA U. VILLANUEVA (Bar No. 13608)

*Attorneys for Plaintiffs*
JOCELYN R. UY AND WESTLEY U. VILLANUEVA

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 6/25/2024