UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOCELYNE R. UY, WESTLEY U. VILLANUEVA,<br><br>               Plaintiffs,<br>    vs.<br><br>SANDY VAN, *et al.*,<br><br>               Defendants. | Case No.: 2:24-cv-00599-GMN-DJA<br><br>**ORDER GRANTING MOTION TO REMAND** |

Pending before the Court is the Motion to Remand, (ECF No. 33), filed by Plaintiffs Jocelyn R. Uy and Westley U. Villanueva.  Defendants Sandy Van, Sandy Van, LLC, and Van and Associates Law First PPLC ("Van Defendants") filed a Response, (ECF No. 36).  Defendants Van Le Ngan, JML Holdings, LLC, Ngan Van Le, and JML Surgical Center, LLC ("Le Defendants") also filed a Response, (ECF No. 37).  Plaintiff filed a Reply, (ECF No. 40).  For the reasons described below, the Court GRANTS the Motion to Remand but DENIES Plaintiffs' request for attorneys' fees.

**I.     BACKGROUND**

This case arises out of the alleged wrongful termination of two employees of a law firm after the employees raised concerns about unethical practices within the firm. (*See generally* First Am. Compl. ("FAC"), ECF No. 1-2).  Plaintiffs initially filed their Complaint in the Eighth Judicial District Court, Clark County, Nevada. (Pet. Removal ¶ 1, ECF No. 1).  Defendants subsequently removed Plaintiffs' FAC which included a federal claim. (*Id.* ¶¶ 2, 5).  This Court granted the Le Defendants' Motion to Dismiss Plaintiffs' FAC, and granted, in part, the Van Defendants' Motion to Dismiss Plaintiffs' FAC. (*See generally* Order, ECF No. 30).  Plaintiffs then filed their Second Amended Complaint, (ECF No. 31), which no longer contains

any federal claims. Plaintiffs now move to remand this action back to state court and seek attorneys' fees for improper removal. (*See generally* Mot. Remand, ECF No. 33).

## II.  DISCUSSION

This Court had subject matter jurisdiction over Plaintiffs' FAC because it had jurisdiction under 28 U.S.C. § 1331 over the federal claim and supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(a). The parties unanimously agree that the Court no longer has subject matter jurisdiction over this action because Plaintiffs' Second Amended Complaint no longer contains any federal claims, which was the sole basis for the Court's subject matter jurisdiction over this case. (Mot. Remand 4:26–5:22); (Van Defs.' Resp. 3:6–15, ECF No. 36); (Le Defs.' Resp. 1:5–14, ECF No. 37). The Court agrees that it no longer has subject matter jurisdiction over this case. Accordingly, Plaintiffs' Motion to Remand is GRANTED to the extent it seeks remand of this case.

The parties do, however, disagree on the issue of attorneys' fees. Plaintiffs ask the Court to order that they be awarded just costs and any actual expenses, including attorneys' fees, incurred as a result of removal. (Mot. Remand 5:23–26) (citing 28 U.S.C. § 1447(c)). They argue that fees may be awarded even where the removal was "fairly supportable." (*Id.* 6:2–6) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000)). But "[a]bsent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); *see* 28 U.S.C. § 1447(c). Here, there was an objectively reasonable basis for removal at the time Defendants removed this case: Plaintiffs' FAC contained a federal claim. Because Defendants had an objectively reasonable basis for seeking removal, the Court may not award costs and attorneys'

fees. *See Grancare*, 889 F.3d at 552.  Thus, the portion of Plaintiffs' Motion to Remand that seeks attorneys' fees and costs is DENIED.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 33), is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eight Judicial District Court for Clark County.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees is **DENIED.**

**DATED** this __30__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT